UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: CV - _____

| | |
|---|---|
| Jeffrey L. Freeland,<br><br>   Plaintiff,<br>v.<br><br>Financial Recovery Services, Inc.,<br><br>   Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## PARTIES

3. Plaintiff Jeffrey L. Freeland is a natural person who resides in the City of Dawsonville, State of Georgia, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Financial Recovery Services, Inc. (hereinafter "Defendant FRS") is a corporation and a collection agency operating from address 4640 West 77th Street, Suite 300, Edina, MN 55435 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

-1-

## FACTUAL ALLEGATIONS

5. Someone named Tina Reece allegedly owes a consumer debt, as that term is defined at 15 U.S.C. § 1692a(5).

6. The account alleged owed by Tina Reece was transferred to Defendant sometime prior to October, 2007.

7. Tina Reece has never lived at the same address as Plaintiff.

8. However, despite this fact Defendant began calling Plaintiff at his home (706 - ***-**45) on or about October 1, 2007.

9. When asked, Plaintiff told Defendant's agent Mr. Hoffman that Tina Reece did not live there and to cease all calls to his residence.

10. During that initial conversation Plaintiff told Hoffman that he worked nights and that calls to him during the day were offensive and hung up.

11. Defendant immediately called Plaintiff back in violation of 15 U.S.C. § 1692d and 1692b.

12. Defendant continued and persisted with telephone calls to Plaintiff's residence in violation of 15 U.S.C. § 1692d and 1692b.

13. Defendants calls to Plaintiff came from 866-415-2396, 877-288-5440, 877-476-9749 and 866-415-2399 during the morning and afternoon hours when Plaintiff told Defendant's agent Hoff that he would be sleeping since he worked nights.

14. Moreover, Defendant left voicemail messages at Plaintiff's home for Tina Reece disclosing confidential and private financial information about Tina Reece.

15. The messages that Defendant left were contradictory insofar as they would sometimes instruct Plaintiff to convey messages to Tina Reece while others would instruct Plaintiff to not listen to messages for Tina Reece in violation of 15 U.S.C. § 1692e.

16. Further, Defendant violated 15 U.S.C. §1692d when it burdened and harassed Plaintiff with calls and messages to his home that would instruct him not to listen to calls left on his answering machine.

## TRIAL BY JURY

17. Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 et seq

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

20. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and are therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of $1,000.00

pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;
- actual damages from Defendant for the emotional distress suffered as a result of the FDCPA violations in an amount to be determined at trial; and
- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated this 31 day of January, 2008.   **CONSUMER JUSTICE CENTER, P.A.**

By:  s/Thomas J. Lyons, Jr._____
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #0249646
367 Commerce Court
Vadnais Heights, MN  55127
Telephone:  (651) 770-9707
Facsimile: (651) 704-0907
tommycjc@aol.com

Attorney for Plaintiff

-5-

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF GEORGIA )
) ss
COUNTY OF DAWSON )

Jeff Freeland, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

s/Jeffrey L. Freeland
Jeffrey L. Freeland

Subscribed and sworn to before me
this 24 day of January, 2008.

s/Elizabeth Doyle
Notary Public